# STEPHEN D. HANS
# & ASSOCIATES, P.C.
LABOR & EMPLOYMENT COUNSEL FOR OVER 40 YEARS

30-30 Northern Blvd, Suite 401
Long Island City, NY 11101

T: 718.275.6700 • F: 718.275.6704

October 28, 2020

***VIA ECF***

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        **Re:**    **Sosa et al v. Bentis Fresh Bread Inc. et al**
              **Case No. 20 cv. 04705-MKV**

Dear Judge Vyskocil:

      My law firm represents Benti's Fresh Bread ("BFB") and Anthony Bentivegna. The purpose of this letter is a Pre-Motion submission in accordance with the Court's Rules No.4 (a)(i) whereby the Defendant, seeks to file a motion to dismiss based upon the Motor Carrier Act exemption, 29 USC 213(b).

      The Plaintiff counsel is aware of this motion request as we discussed it on the phone. He is a highly professional and cordial attorney who promised to thoroughly review the Defendant's position.

      The above action was commenced June 18, 2020 against two corporations which are separate and distinct but owned by two brothers who operate them independently. The Complaint has alleged they are jointly and severally owned in one enterprise. Therefore, the Plaintiff alleges both are liable for the enumerated violations in the Complaint.

      The Defendants maintain that under the enormous amount of case law on the subject of joint employer, they will be able to demonstrate they are separate and distinct. The Plaintiffs worked solely for my clients and never worked for Olde Bakery Shoppe.

      The genesis of the Complaint is that my client employed the Plaintiffs as truck drivers who delivered bread to various parts of NYC. The Complaint alleges the Plaintiffs worked in excess of 40 hours per week without appropriate and legal compensation for those hours.

## REASON FOR THE MOTION

My client maintains that neither the corporation or himself are personally liable for any overtime violation based upon the application of the Motor Carrier Act exemption, 29 USC 213 (b) (1). Essentially the case law on this subject would support that my clients were engaged in interstate commerce as defined in the Motor Carrier Act.

There are highly relevant facts that will be foundational to this motion. BFB, which is domiciled in NYS obtains the bread that they deliver directly from trucks into their trucks from a location owned by their distributor in New Jersey.

Since the interstate commerce regulated under the two acts (FLSA and MCA) are not identical, such transportation may or may not be considered a movement in interstate commerce within the meaning of the Motor Carrier Act. Food items, as in this case, seem to qualify as exempt because of the continuity of movement referred to in many cases. However, petroleum products from a terminal to another terminal and stored, would not qualify. We believe that under the many cases and well thought out rulings on this subject, food such as fresh bread, which continues to move to a final destination of sale through two states qualifies as an exemption under MCA, 13(b) (1). More authority supporting this point may be found in 29 CFR 782.8.

In summary, BFB picks up the food (bread) freshly baked in New Jersey from the New Jersey truck and continues to deliver it for sale in New York. Hence, there would seem to be a genuine issue of whether the FLSA and NYLL is applicable given the MCA exemption 13(b)(1). Delivery route drivers who do not cross state lines may be covered by this exception if the essential character of shipment is interstate in nature, **Deherreru v Decker Truck Line,** 820 F 3rd 1147(2016).
The product is baked in New Jersey and then immediately shipped via truck into New York directly to BFB for immediate delivery. There is no storage for any substantial period. That is the one pivotal point in some of the case law on this subject, **Baird v Wagoner Transportation Co.,** 425 F 2nd 4047(6th Cir).

Whether the transportation is of an interstate nature, can be determined by reference to the intended final destination of the transportation when that ultimate destination was envisaged at the time the transportation commenced, **Project Hope v M/V Ibn Sina,** 250 F 3rd 67 (2nd Cir 2001). Hence the product is made in New Jersey and immediately shipped to New York for distribution by BFB and that was the intended final destination of the product.

What we learned in our research is that transportation within a single state is interstate commerce within the meaning of the FLSA and the MCA when it forms a part of the *practical continuity of movement across state lines from the point of origin to the point of destination,* **Walling v Jacksonville Paper,** 317 U.S. 564; **Walling v Mutual Wholesale Food & Supply** 141 F 2nd 331. Thus, the mere fact that BFB does not cross state lines does not invalidate the MCA exemption for overtime when there is continuity of movement. Therefore, the Defendants did not violate various section of the FLSA. Finally, the owners of both corporations were named and could be liable under both federal and state law

## CONCLUSION

Based upon the foregoing I would respectfully seek either a pre-motion conference or a ruling permitting Bentis Fresh Bread the right to file a motion to dismiss of this action based upon MCA Sec 13(b)(1) and the case law interpreting that law.

Respectfully Submitted,

/s/Stephen D. Hans

Stephen D. Hans (SH-0798)