# Law Offices of Colin Mulholland

Employment and Civil Litigation

30-97 Steinway Street, Suite 301-A  Telephone: (347) 687-2019
Astoria, NY 11103  cmulhollandesq@gmail.com

October 28, 2020

Honorable Mary Kay Vyskocil
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

              Re: Sosa, et al. v. Bentis Fresh Bread, Inc., et al.
                20-cv-4705 (MKV)

Your Honor,

      Defendants Olde Bakery Shoppe and Louis Bentivegna (hereinafter collectively 'Defendant Olde Bakery') respectfully requests a pre-motion conference with the Court pursuant to Part 4A(i) of the Court's Individual Rules of Practice in order to obtain leave to file a motion to dismiss Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6).

      "[A]s *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Angiulo v. Cty. of Westchester,* No. 11-CV-7823 CS, 2012 WL 5278523, at *3 (S.D.N.Y. Oct. 25, 2012) (citation omitted); <u>see</u> also, *McBeth v. Porges,* 171 F. Supp.3d 216, 236 (S.D.N.Y. 2016) (Observing that pursuant to *Iqbal*'s pleading standard, "the Federal Rules of Civil Procedure do `not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation.'") (quoting *Iqbal*).

      On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Lundy v. Catholic Health Sys. of Long Island Inc.,* 711 F.3d 106, 113 (2d Cir. 2013) (citing *Holmes v. Grubman,* 568 F.3d 329, 335 (2d Cir. 2009)). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

Defendant Olde Bakery contends that the allegations in Plaintiffs' complaint do not allege sufficient factual information to sustain a plausible claim against Defendant Old Bakery for two reasons.

First, Plaintiffs have not made sufficient factual allegations to support a plausible claim regarding joint employer liability or the involvement of individual Defendant Louis Bentivegna nor his company Defendant Olde Bakery Shoppe. **See** Sampson v. Medisys Health Network, Inc., 2012 U.S. Dist. Lexis 103012 (EDNY Feb. 12, 2012) (Court held that plaintiffs' complaint failed to allege sufficient factual material to support allegation of joint employer status for all defendants).

Contrary to the conclusory allegations in Plaintiffs' Complaint, Defendant Olde Bakery Shoppe, Inc and Defendant Louis Bentivegna have never employed, paid or scheduled the Plaintiffs in this lawsuit. The Plaintiffs never worked for Defendant Louis Bentivegna nor Defendant Olde Bakery Shoppe, Inc. but rather worked, if at all, for the other Defendants. The companies at issue in this lawsuit are completely separate.

This Complaint brought by the Plaintiffs in this lawsuit is particularly insufficient because the Plaintiffs do allege that Defendants are two separate companies with two separate headquarters yet make no specific or concrete allegations demonstrating or even suggesting how the operations of the companies are connected or how the individual Defendants are connected, besides by sharing a mother and father. Therefore, it is unclear from the allegations of the Complaint whether the Plaintiffs are entitled to relief because, even if for the sake of argument we accept the allegations regarding hours worked and employer status, it is unclear if those working hours were for the benefit of a joint employer or two separate employers.

Moreover, the allegations regarding individual employer liability for Defendant Louis Bentivegna at Paragraphs 20 and 21 of the Complaint are textbook boilerplate allegations that merely track the case law with no particularity. **See Id**.

Second, even assuming for the sake of argument that employees of Defendant Bakery

Shoppe or Defendant Louis Bentivegna were properly named, the Motor Carrier Act , or Motor Carrier Exemption, would apply to such employees due to regular interstate travel conducted in large vehicles by Defendant Olde Bakery Shoppe drivers between New Jersey and New York. Defendant Bakery contends that the current Complaint as pleaded is "devoid of facts concerning what Plaintiffs when they came to work everyday" and that as such "their claim for overtime {are} not plausible in the absence of allegations tending to show that the work plaintiffs performed for their motor carrier employer falls outside of the rather broad" MCA exemption. **See** <u>Perez v. Time Moving & Storage Inc</u>*.,* 08-CV-2775, 2008 WL 5662070 (S.D.N.Y. Jan. 15, 2008) (McMahon, J.).

      Plaintiff opposes this application.

It is the understanding of the undersigned that the co-defendants' have submitted a similar letter. All parties have agreed to respectfully request that the Court permit the Plaintiff to respond to both pre-motion letters in a single omnibus pre-motion letter in opposition if the Court is so inclined.

> */s/Colin Mulholland, Esq.*
> Colin Mulholland, Esq.
> 30-97 Steinway, Ste. 301-A
> Astoria, New York 11103
> Telephone: (347) 687-2019
> *Attorney for Defendants Old Bakery Shoppe and Louis Bentivegna*