# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

_____

kjohnson@faillacelaw.com

November 11, 2020

**VIA ECF**

Honorable Mar Kay Vyskocil
United States District Judge – SDNY
Unites States Courthouse
500 Pearl Street
New York, NY 10007

           RE:    **_Sosa, et al. v. Bentis Fresh Bread, Inc., et al._**
                          **Case No: 1:20-cv-04705-MKV**

**PLAINTIFF'S OMNIBUS OPPOSITION TO LETTER MOTIONS RE MOTIONS TO DISMISS**

To Your Honor:

      This office represents the Plaintiffs in the above captioned action and write this letter in opposition and response to the letter file by Defendants Benti's Fresh Bread ("BFB") and Anthony Bentivegna (Dt. No. 24) and Defendants Olde Bakery Shoppe and Louis Bentivegna (Dkt. No. 25).

**FACTUAL TREATMENT BACKGROUND**

      As the Defendants wish to file motions to dismiss, based upon the allegations plead in the complaint, Plaintiff, for the sake of judicial economy refers to the allegations in the Complaint (Dkt. No.: 1) for the Court's reference.

**ALLEGATIONS RE: JOINT ENTERPRISE**

      On a motion to dismiss under Rule12(b)(6), a complaint "does not need detailed factual allegations" to overcome a motion, but needs to provide the 'grounds' of his entitled to relief. . . [of] "more than labels and conclusions. . . ." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Plaintiff's go beyond the mere boilerplate allegations that Defendants claim to have been made. In fact, the business's are owned by the exact same shareholders, the named Defendants in this action.

      Furthermore, the Defendants moving to dismiss the joint employer status allegations, the motion is premature as there is ample testimony to be had that may tend to raise an issue of fact, namely the testimony of Plaintiff's and Defendants regarding the factual test of whether they qualified as employers under the FLSA. The principle issue in this regard is whether the Defendant "possessed the power to control the workers in question, with an eye to the economic reality present by the facts of each case." <u>Bravo v. Established Burger One, LLC</u>, 2013 U.S. Dist. LEXIS 146237 (SDNY Oct. 8, 2013); <u>Zheng v. Liberty Apperal Co.</u>, 355 F.3d 61, 66 (2d Cir. 2003).

      The Hon. Judge Colleen McMahon, denied a similar motion (both as a motion to dismiss and/or summary judgment motion) and set the case down for discovery on the issues, where, like here, the Plaintiff had no opportunity to have discovery in the action to show the status of the Defendants in relation to the

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510                                                                 Telephone: (212) 317-1200
New York, New York 10165                                                                      Facsimile: (212) 317-1620
_____

kjohnson@faillacelaw.com

Plaintiff's employment. <u>Benitez v. Demco of Riverdale, LLC,</u> 2015 U.S. Dis. LEXIS 20325 (SDNY Feb. 19, 2015).

## **MOTOR CARRIER ACT EXEMPTION**

In both letters, Defendants claim that they shall show, prior to any discovery or testimony in depositions has been had, that the Motor Carrier Exemption applies. The Court has explained this exemption and that the Defendant has the burden of this defense before:

> However, HN23 the FLSA has also exempted classes of employees from its wage protections. "Because the FLSA is a remedial law, [courts] must narrowly construe its exemptions." Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010) (footnote omitted). Moreover, an employer bears the burden of establishing that an exemption applies. See Young v. Cooper Cameron Corp., 586 F.3d 201, 204 (2d Cir. 2009) ("The employer has the burden of proving that the employee clearly falls within the terms of the exemption."); Clarke v. JPMorgan Chase Bank, N.A., No. 08-CV-2400, 2010 U.S. Dist. LEXIS 33264, 2010 WL 1379778, at *15 (S.D.N.Y. Mar. 26, 2010) (same); Franklin v. Breton Int'l, Inc., No. 06-CV-4877, 2006 U.S. Dist. LEXIS 88893, 2006 WL 3591949, at *2 (S.D.N.Y. Dec. 11, 2006) (same).

<u>Cruz v. AAA Carting & Rubbish Removal, Inc.</u>, 116 F. Supp. 3d 232 (SDNY July 16, 2015)

Plaintiff here will seek to examine Defendants' contracts with various entities that will illustrate whether the ultimate locations of the transported goods and the origins thereof were immaterial to Defendants and whether Defendants qualify under the exemption as a motor vehicle carrier as contemplated by the statute, which is not clearly established by any of the evidence either Defendants presume to be able to produce in a motion to dismiss. Furthermore, converting this motion to one for summary judgment would be premature before discovery is had on these issues. This was the specific reason for the denial of summary judgment in the above action, where no discovery had taken place. <u>Cruz v. AAA Carting & Rubbish Removal, Inc.</u>, 116 F. Supp. 3d 232 (SDNY July 16, 2015). Defendants cannot meet their burden at this stage and the Court should deny the issuance of an order for Defendants to file a motion to dismiss under these grounds.

## **CONCLUSION**

Accordingly, Plaintiff's request the Defendant's request for a conference or order allowing the filing of a motion to dismiss on all grounds alleged must be denied for Plaintiff to conduct the appropriate discovery and that at the most, Defendants be allowed to move for summary judgment on the same issues after the close of discovery, in the Court's discretion. "If the party opposing a summary judgment motion shows . . ., for specific reason, it cannot present facts essential to justify its opposition, the court may deny the motion or allow time to take discovery." It is clear that even at this early stage, a motion to dismiss, even one converted to a summary judgment motion, must be denied as premature. The allegations and defenses raised by all Defendants in both letters to the Court beg for discovery and require specific testimony and evidence to adduce the validity of the aforesaid defenses. "Only in the rarest of cases may . . . judgment be granted against a plaintiff who has

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 E. 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

_____

kjohnson@faillacelaw.com

not been afforded the opportunity to conduct discovery." <u>Hellstorm v. U.S. Dep't of Veteran Affairs</u>, 201 F.3d 94, 97 (2d Cir. 2000).

The Plaintiffs and their counsel thank the Court for its time and consideration in this matter and await its reasoned decision.

Best regards,

*s/s Kevin S. Johnson, Esq.*

Kevin S. Johnson, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

**CC (VIA ECF)**:

**Stephen D. Hans, Esq.**
STEPHEN D. HANS & ASSOCIATES, P.C.
shans@hansassociates.com

**Colin Mulholland, Esq.**
LAW OFFICES OF COLIN MULHOLLAND
cmulholandesq@gmail.com