| | |
|---|---|
| NELSON SOSA and RUBEN VELEZ, *individually and on behalf of others similarly situated* <br><br> *Plaintiffs* <br><br> -against- <br><br> BENTIS FRESH BREAD INC. (D/B/A BENTI'S FRESH BREAD INC.), OLDE BAKERY SHOPPE INC. (D/B/A OLDE BAKERY SHOPPE), ANTHONY BENTIVEGNA, and LOUIS BENTIVEGNA, <br><br> *Defendants*. <br> ---------------------------------------------------------X | MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION and IN REPLY <br><br> Civil Action No: 20-cv-4705 |

Defendants LOUIS BENTIVEGNA and OLDE BAKERY SHOPPE INC. respectfully submit the following memorandum of law in opposition to Plaintiffs' proposed cross-motion and in reply to their opposition:

**PLAINTIFFS' PROPOSED AMENDED COMPLAINT IS FUTILE**

Courts are empowered to deny a motion to amend on the basis that the proposed amendment would be futile such that the amended complaint would not withstand a motion to dismiss pursuant to 12(b)(6) for failure to state a claim. **See** Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002) (citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

Plaintiffs' proposed second amended complaint suffers from the same dearth of plausible factual detail as their first amended complaint. Plaintiffs propose to support a plausible claim against Defendant Louis Bentivegna and Olde Bakery Shoppe Inc. by adding allegations in their Proposed Second Amended Complaint as follows (Defendants' will present the quoted proposed paragraphs in bold and make Defendants' arguments about those proposed amendments immediately below each paragraph in plain text):

      i.        At Paragraph 5, "Plaintiffs were employed as truck drivers and unpackers to deliver baked goods warehoused by Defendants in their locations at 256 48th Street Brookly [sic], N.Y. 11220 and 26 Bay 8th Street Brooklyn, New York 11228 to locations of vendors and clients of Defendants in the City and State of New York exclusively."

Paragraph 5 is entirely conclusory and even if true would merely suggest that Plaintiffs' may have interacted with a building controlled by Defendants Louis Bentivegna and Old Bakery Shoppe Inc. with no indication of the frequency of the interactions or any factual allegations that would suggest those interactions suggested an employment relationship existed. Defendants contend this paragraph does not suggest a plausible basis to infer an employment relationship.

      ii.        At Paragraph 6, "Plaintiffs were allegedly employed by Defendant Bentis and Anthony Bentivegna, however, both businesses and individual Defendants acted in concert, using both locations to operate a joint venture which employed Plaintiffs under the applicable statutes alleged herein."

Paragraph 6 is very odd and Defendants contend that it amounts to an admission that the Plaintiffs do not believe there is sufficient factual allegations from which a reasonable person could conclude that there existed a plausible basis to infer an employment relationship with Defendants Louis and Old Bakery. The Plaintiffs here admit that they understood that they were employed by the Defendants Anthony Bentivegna and Bentis Fresh Bread, Inc. and not Defendants Louis and Old Bakery.

      iii.        At Paragraph 20, "At all times relevant and on information and belief, Defendants operated the aforesaid businesses as a joint venture, utilizing the same equipment (delivery trucks), sharing warehouse space, sharing employees (including Plaintiffs), making joint determinations of wages, schedules, pay periods, driver routes, and the specific trucks that employees (including Plaintiffs) used on any given day."

Defendants contend Paragraph 20 is a conclusory hodgepodge of allegations designed to try to quickly skip over the fact that the Plaintiffs cannot make sufficient factual allegations to survive this motion. Plaintiffs make no allegations about which warehouses are shared, where they were located or their basis for believing those warehouses to be shared. Likewise, the Plaintiffs point to no shared employees, their roles at the companies or any specifics about the trucks.

Page 3

    iv.      At Paragraph 23, "Upon information and belief, the aforesaid places of business were used interchangeably by the individual and corporate Defendants, where determinations were made for the delivery of goods warehoused in the aforesaid locations by Defendants and distributed by Plaintiffs and other employees in the City and State of New York."

    v.      At Paragraph 24, "Upon information and belief, the Defendants also shared a warehouse is Staten Island, New York, which was used jointly by Defendants."

Paragraphs 23 and 24 are likewise 'Hail Mary' passes based on information and belief with no concrete specific factual allegations. Paragraph 23 is simply a list of legal conclusions and Paragraph 24 in and of itself, even if taken to be true for the sake of argument, would not suggest that Defendants were employers in any plausible way because unrelated companies could and do indeed often share storage space without becoming joint employers.

## **CONCLUSION**

**WHEREFORE,** Defendants OLDE BAKERY SHOPPE INC. and LOUIS BENTIVEGNA respectfully request that this Court dismiss the claims against them pursuant to FRCP 12(b)(6) for failure to state a claim and to deny Plaintiffs' Cross-Motion to Amend on that basis of futility.

*/s/Colin Mulholland, Esq.*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019