UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELSON SOSA and RUBEN VELEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BENTIS FRESH BREAD INC. (d/b/a BENTI'S FRESH BREAD INC.), OLDE BAKERY SHOPPE INC. (d/b/a OLDE BAKERY SHOPPE), ANTHONY BENTIVEGNA, and LOUIS BENTIVEGNA,<br><br>Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _9/20/2021___

1:20-cv-04705 (MKV)

**OPINION AND
ORDER DENYING
MOTIONS TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Nelson Sosa and Ruben Velez bring this putative class action on behalf of themselves and all other persons similarly situated, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a)(1) and 225(a) and the New York Labor Law ("NYLL") §§ 191, 193 195, 198, 650, 651, and 663.

Plaintiffs allege that Defendants, two businesses and two individuals—brothers, each of whom owned one of the businesses—required them to work more than 40 hours per week without overtime pay and that Defendants failed to pay minimum wage. Plaintiffs further allege that Defendants failed to maintain accurate hour records, failed to provide wage statements, and required Plaintiffs to pay for business expenses without reimbursement. As a result of these alleged violations, Plaintiffs seek compensatory damages, liquidated damages under the FLSA and NYLL, pre- and post-judgment interest as applicable, attorney's fees, and costs. Defendants have moved to dismiss Plaintiffs' Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Plaintiffs filed an opposition and cross-motion to amend their complaint.

For the reasons stated herein, Plaintiff's motion for leave to amend the complaint is GRANTED, and the motions to dismiss are DENIED as moot.

## FACTUAL BACKGROUND

The facts as stated herein are drawn from Plaintiff's complaint and are assumed to be true for the purpose of the Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because the Court has received a proposed Second Amended Complaint from Plaintiffs, that complaint is cited herein.

Plaintiffs Sosa and Velez were truck drivers employed at Defendant Bentis Fresh Bread from 2013 and 2007, respectively, until 2020.  Second Amended Complaint ("SAC") ¶¶ 5, 16, 18, 40.  As part of their job, Plaintiffs delivered baked goods from Defendants' warehouses to vendors and clients.  SAC ¶ 5.  As the Court understands it, Anthony Bentivegna is the principal of Bentis Fresh Bread, while Louis Bentivegna is the principal of Olde Bakery Shoppe.  *See* Bentis Mem. at 2; Shoppe Mem. at 1.[1]

The Bentivegnas are brothers, and they purport to operate their businesses independently. Bentis Mem. at 2, Shoppe Mem. at 1.  However, while formally employed by Bentis Fresh Bread, Plaintiffs assert that they functionally were employed by both corporations jointly and that the companies were operated as a joint venture.  SAC ¶¶ 3, 27-39.  Specifically, Plaintiffs allege that the Defendants operated their businesses as "a joint venture, utilizing the same equipment (delivery trucks), sharing warehouse space, sharing employees (including Plaintiffs), making joint determinations of wages, schedules, pay periods, driver routes, and the specific trucks that employees (including Plaintiffs) used on any given day."  SAC ¶ 20.

---

[1] As used herein, "Bentis Mem." refers to the Memorandum in Support of the Motion to Dismiss filed by Anthony Bentivegna and Bentis Fresh Bread [ECF No. 41].  "Shoppe Mem." refers to the Memorandum in Support of the Motion to Dismiss filed by Defendants Louis Bentivegna and Olde Bakery Shoppe [ECF No. 33-2].

Plaintiffs allege that they each were scheduled to work between 80 and 90 hours per week during their employment by Defendants, SAC ¶¶ 46, 66-67, but they were paid a fixed rate of $875 per week.  SAC ¶¶ 48, 69.  Plaintiffs were never granted breaks, meal periods, or any additional pay for hours outside those already scheduled.  SAC ¶¶ 49-51, 70-72.  Defendants also deducted from Plaintiffs' wages fees and penalties for missed deliveries and for any traffic tickets.  SAC ¶¶ 57, 77-78.

Plaintiffs filed this putative FLSA collective action on behalf of all of Defendants' employees who are similarly situated.  SAC ¶¶ 95-96.  After Plaintiffs amended their complaint with Defendants' consent, Defendants filed motions to dismiss the First Amended Complaint [ECF Nos. 33, 38].  In opposition to the motion, Plaintiffs filed their proposed SAC and sought leave to file the amended complaint [ECF No. 44].  Only one set of Defendants (Louis Bentivegna and Olde Bakery Shoppe) filed a reply or responded to the Plaintiffs' motion to amend.[2]

## LEGAL STANDARD

### A.    *Motion to Dismiss*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556). While a sufficiently pleaded

---

[2] Anthony Bentivegna and Bentis Fresh Bread filed a motion for an extension of time to file their reply and opposition to the motion for leave to amend [ECF No. 45].  The Court granted the motion [ECF No. 49].  However, no reply was ever received from these Defendants.

complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, alterations, and citations omitted); *see also Iqbal*, 556 U.S. at 678 (noting that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" (citing *Twombly*, 550 U.S. at 555)).

**B.      Motion for Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has stated that "[t]his permissive standard is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted).

Under Rule 15, leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). The touchstone for futility is whether the proposed amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b). *See IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp.*, 783 F.3d 383, 389 (2d Cir. 2015); *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (a claim is not futile if it presents a colorable claim for relief). When a motion for leave to amend a

complaint is unopposed, the motion may be granted on that basis.  *Lopez v. City of New York*, 901 F. Supp. 684, 686 (S.D.N.Y. 1995) ("The motion for leave to amend is unopposed and therefore granted and the proposed pleading deemed interposed.").

## DISCUSSION

While Plaintiffs oppose the motions to dismiss, they present little argument other than stating that the proposed SAC "renders moot the motions by Defendants," and that the SAC includes allegations defeating Defendants' arguments for dismissal.  *See* Pl. Br. at 2.[3]  The Court begins with the proposed amended complaint which, if not futile, would moot the motions to dismiss.  *Cf. Environment Solutions Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-cv-10699-MKV, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) ("Where the proposed amendment requires leave of court, 'the preferred course is to grant leave to amend even if doing so renders moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave.'" (quoting *Rheaume v. Pallito*, No. 2:15-cv-135-wks-jmc, 2015 WL 7300790, at *2 (D. Vt. Oct. 22, 2015))).

Here, Plaintiffs' motion for leave to amend is opposed only by two of the four Defendants.  After Plaintiffs responded to the motion to dismiss by seeking leave to amend, Bentis Fresh Bread and Anthony Bentivegna failed to file any reply in connection with their motion to dismiss or to oppose the motion to amend.  The opposition filed by Olde Bakery Shoppe and Louis Bentivegna opposes leave to amend on only one of the two grounds raised in their initial motion to dismiss.  *Compare* Shoppe Mem. at 3-6 (raising arguments related to allegations that the Defendants were joint employers and the motor carrier exemption to the

---

[3] As used herein, "Pl. Br." refers to Plaintiffs' combined Memorandum of Law in Support of the Motion to Amend and in Opposition to the Motions to Dismiss [ECF No. 44-1].

FLSA), *with* Shoppe Reply at 1-3 (raising only arguments about joint employer status).[4]  As a result, the Court may deem the motor carrier exemption argument waived for the purposes of the motion to amend.  However, the Court nonetheless addresses it here because it does not alter the outcome of the analysis and because the Court expects the issue to be raised again following discovery.

### A.     The Proposed SAC Adequately Pleads a Joint Employer Relationship

Defendants sought dismissal and now oppose amendment by arguing that Plaintiffs fail to allege that they were jointly employed by Defendants.  However, Plaintiffs' proposed SAC adequately pleads that all Defendants had at least some control over Plaintiffs' employment, and, thus, were "employers" for the purposes of the FLSA and NYLL.

To be liable under the FLSA, a defendant must be a plaintiff's "employer" as that term is defined in the statutes.[5]  The statutory text of the FLSA provides "little guidance on whether a given individual is or is not an employer."  *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . .").  As a result, the Second Circuit has established a multi-factor analysis courts must use to determine whether a plaintiff is "formally" employed by a defendant.  The Court first looks to "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of

---

[4] "Shoppe Reply" refers to the Memorandum of Law in Opposition to Plaintiffs' Cross-Motion to Amend the Complaint and in Reply [ECF No. 46].

[5] Courts in this Circuit hold that the standards for determining whether "joint employment" exists under the NYLL is identical to the analysis under the FLSA.  *Pierre v. City of New York*, No. 20-cv-5116 (ALC), 2021 WL 3887912, at *6 (S.D.N.Y. Aug. 31, 2021) (quoting *Paz v. Piedra*, No. 09-cv-03977, 2012 WL 12518495, at *5 (S.D.N.Y. Jan. 12, 2012)).

payment; and (4) maintained employment records." *Carter v. Dutchess Community College*, 735

F.2d 8, 12 (2d Cir. 1984) (hereinafter the "*Carter* factors").

The Second Circuit has noted that "formal" control over an employee, exemplified by the

*Carter* factors, "can be sufficient" but is not necessary to a determination of a joint employment

relationship. *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 76 (2d Cir. 2003). To that end, the

Circuit established additional factors a court should consider when evaluating whether a

defendant functionally controls a plaintiff's employment:

> (1) whether [the putative joint employer]'s premises and equipment were used for
> the plaintiffs' work; (2) whether the [employer] had a business that could or did
> shift as a unit from one putative joint employer to another; (3) the extent to which
> plaintiffs performed a discrete line-job that was integral to [the putative joint
> employer]'s process of production; (4) whether responsibility under the contracts
> could pass from one subcontractor to another without material changes; (5) the
> degree to which the [putative joint employer] or [its] agents supervised plaintiffs'
> work; and (6) whether plaintiffs worked exclusively or predominantly for [the
> putative joint employer].

*Id.* at 72 (hereinafter the "*Zheng* factors").[6]

In this case, Plaintiffs do not specify whether they had a formal or merely functional joint

employment relationship with Defendants. Plaintiffs seem to allege that they had a formal

employment relationship with Bentis Fresh Bread (and its principal Anthony Bentivegna), *see*

SAC ¶ 6 ("Plaintiffs were allegedly employed by Defendant Bentis and Anthony

Bentivegna"), but there are no factual allegations in the SAC that indicate a formal employment

relationship between Plaintiffs and Old Bakery Shoppe (or its principal Louis Bentivegna). The

---

[6] In 2020, the United States Department of Labor promulgated a final rule, *see* 85 Fed. Reg. 2820 (Jan. 16, 2020),
codified at 29 C.F.R. §§ 791.1–3, that "narrow[ed] the definition of joint employment under the FLSA." *New York v.
Scalia*, No. 1:20-cv-1689-GHW, 2020 WL 5370871, at *1 (S.D.N.Y. Sept. 8, 2020). However, in *Scalia*, the court
vacated this rule, holding that it violated the Administrative Procedure Act. *Id.* at *1, *34. That decision is
currently on appeal before the Second Circuit. *New York v. Scalia*, Nos. 20-3806, 20-3815 (2d Cir. appeal docketed
Nov. 6, 2020). Because the rule is currently not in effect, and because the parties have not briefed the effect of the
revised rule on this case, the Court has not considered the impact of the new rule on the Plaintiffs' claims in this
case. Because the Court finds that Plaintiffs' claims in the SAC are not subject to dismissal, the parties are free to
make any applicable arguments regarding the new rule (to the extent it is effective) at the summary judgment stage.

closest Plaintiffs come is in alleging that both Anthony and Louis Bentivegna (principals of the corporate Defendants) both could "determine[] the wages and compensation of the employees . . . , establish[] the schedules . . . , maintain[] employee records, and ha[d] the authority to hire and fire employees." SAC ¶¶ 25-26. However, Plaintiffs do not point to any specific instance of this conduct, nor do they point to any facts which make these conclusions plausible. These allegations merely track the *Carter* factors, and such "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' to state a plausible claim for relief." *Cho v. Osaka Zen Spa*, No. 19 CIV. 7935 (ER), 2021 WL 1736813, at *4 (S.D.N.Y. May 3, 2021) (quoting *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 585 (S.D.N.Y. 2020)). As a result, the SAC does not allege a formal joint employment relationship between Plaintiffs and all Defendants.

The SAC does, however, adequately allege that all Defendants had at least a functional employment relationship with Plaintiffs. In particular, the SAC alleges for the first time that Defendants "operated the[ir] aforesaid businesses as a joint venture, utilizing the same equipment (delivery trucks), sharing warehouse space [apparently in Staten Island, New York], sharing employees (including Plaintiffs), making joint determinations of wages, schedules, pay periods, driver routes, and the specific trucks that employees (including Plaintiffs) used on any given day." SAC ¶¶ 20, 24. These allegations do not simply mirror the relevant law, but instead assert that Defendants shared employees, trucks, and warehouses, and made business decisions jointly, despite being separate corporate entities. These facts allege, if only barely, that a joint employment relationship existed between Plaintiffs and all Defendants. *See Zheng*, 355 F.3d at 72. In discovery, Plaintiff will be required to back-up these allegations with specific examples and proof. But at this stage, the allegations are sufficient to avoid dismissal. *Cf. Pierre*, 2021

WL 3887912, at *8 ("While Plaintiff may ultimately fail to prove that [the putative joint employers], were Plaintiff's joint employers under the FLSA and the NYLL, Plaintiff's Complaint has set forth enough allegations to survive a motion to dismiss, and Plaintiff is thus entitled to test his claims in discovery.").

**B.**     ***The Motor Carrier Exemption Does Not Bar Plaintiffs' Claims at This Stage***

Pursuant to the Motor Carrier Act ("MCA") exemption, certain employees whose job responsibilities are subject to regulation by the federal Department of Transportation, are exempt from the protections of the FLSA.  *See* 29 U.S.C. § 213(b)(1) ("The provisions of section 207 of this title [maximum hour protections] shall not apply with respect to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service").  An employee falls within the MCA exemption if his "activities . . . directly affect[] the safety of operation of motor vehicles . . . in interstate or foreign commerce within the meaning of the Motor Carrier Act."  29 C.F.R. § 782.2(a).  Truck drivers, including those who do not regularly cross state lines, may be covered by the MCA exemption.  *Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F. Supp. 3d 697, 700-01 (E.D.N.Y. 2017).

In this case, Defendants argue that Plaintiffs fall within the class of employees covered by the MCA exemption because they were truck drivers who carried goods that traveled in or affected interstate commerce.  *See* Shoppe Mem. at 5-6; Bentis Mem. at 2-4.  While this may be true, and Defendants have submitted some evidence to this effect, *see* Declaration of Anthony Bentivegna in Support of Motion to Dismiss [ECF No. 40], the Court cannot consider it here. On a motion to dismiss addressed solely to the pleadings, the Court only may dismiss a complaint based on an affirmative defense (like the MCA exemption) when "the defense appears on the face of the complaint."  *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (quoting *Pani v. Empire Blue Cross*

*Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)); *see also Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 (2d Cir. 2013) ("A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim."). The MCA exemption is not established by the allegations in the SAC, and, thus, the Court cannot dismiss Plaintiffs' complaint on that grounds.

Olde Bakery Shoppe and Louis Bentivegna suggest that Plaintiffs have an affirmative obligation to allege facts in their complaint disproving the MCA exemption defense, citing a single District Court opinion from more than a decade ago. *See* Shoppe Mem. at 5 (citing *Perez v. Time Moving & Storage Inc.*, No. 08 Civ. 2775 (CM), 2008 WL 5662070 (S.D.N.Y. Jan. 15, 2008). However, the Court is aware of no other decision that adopted a requirement that such facts be pleaded in a complaint. The Court rejects the approach suggested in *Perez*, since subsequent authority holds that FLSA plaintiffs are not obligated to plead the absence of any affirmative defenses in order to survive a motion to dismiss. *Thompson*, 246 F. Supp. 3d at 703 (citing *Nakahata v. N. Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013)). Because the MCA exemption defense is not established by the allegations in Plaintiffs' SAC, the Court cannot conclude that the exemption renders the proposed amendment futile.

## CONCLUSION

As set out herein, Plaintiffs' proposed Second Amended Complaint satisfies Plaintiffs' burden under Rule 12(b)(6) to state a claim and responds adequately to the arguments in Defendants' motions to dismiss. The SAC alleges sufficient facts to plausibly allege that Defendants jointly employed Plaintiffs. Additionally, the SAC does not permit the Court to conclude at this stage of the litigation that Plaintiffs are exempt from FLSA coverage because of the Motor Carrier Act exemption. As a result, the proposed amendment of Plaintiffs' complaint is not futile and the cross-motion for leave to amend [ECF No. 44] is GRANTED.

In light of that, Defendants' motions to dismiss Plaintiffs' First Amended Complaint [ECF Nos. 33, 38] are DENIED AS MOOT.

Plaintiffs are instructed to file their Second Amended Complaint as a standalone document on the ECF docket on or before September 24, 2021.  Defendants must respond to the complaint within the time provided by the Federal Rules of Civil Procedure.

The Clerk of Court respectfully is requested to close the motions at ECF No. 33 and 38.

**SO ORDERED.**

**Date:   September 20, 2021**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**