# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between NELSON SOSA, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Sosa") and RUBEN VELEZ, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Velez") (Sosa and Velez are referred to collectively herein as "Plaintiffs"), on the one hand, and BENTIS FRESH BREAD INC., a New York corporation, on behalf of itself, its agents, assigns, attorneys, heirs, successors, executors and administrators, OLDE BAKERY SHOPPE, INC., a New York corporation, on behalf of itself, its agents, assigns, attorneys, heirs, successors, executors and administrators, ANTHONY BENTIVEGNA, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators, and LOUIS BENTIVEGNA, an individual, on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators (Bentis Fresh Bread Inc., Olde Bakery Shoppe, Inc., Anthony Bentivegna, and Louis Bentivegna are referred to collectively herein as the "Defendants"), on the other hand (Plaintiffs and Defendants are referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiffs, through their attorneys, CSM Legal, P.C., have asserted claims against the Defendants for alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations (together, the "FLSA"), and the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor (together, the "NYLL") in an action filed in the United States District Court for the Southern District of New York (the "Court"), entitled <u>Sosa v. Bentis Fresh Bread Inc., et al.</u>, Case No. 20-CV-4705 (the "Action"); and

**WHEREAS**, the Defendants dispute the Plaintiffs' claims and deny the violations of federal and state law as alleged by Plaintiffs in the Action; and

**WHEREAS**, the Court referred the Parties to the Court's mediation program, and the Parties attended a mediation session before mediator Anthony Dicaprio, Esq. on April 26, 2022, which mediation efforts resulted in this Agreement; and

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiffs against the Defendants in the Action for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, the Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and the Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion;

     **NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

## AGREEMENT

    (1)   Submission of Agreement for Court Approval; Dismissal of All Claims Asserted in the Action With Prejudice. After it has been fully executed and delivered by all Parties, the Parties shall jointly submit this Agreement to the Court for review and approval pursuant to the requirements of *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015), together with a fully executed Stipulation of Voluntary Dismissal in the form annexed to this Agreement as Exhibit A. This Agreement shall not become final and binding until it has been approved by the Court as a fair and reasonable disposition of the Plaintiffs' FLSA claims asserted against the Defendants in the Action, and until all of the Plaintiffs' claims in the Action have been dismissed in their entirety with prejudice. In the event that the Court does not approve this Agreement for any reason, then this Agreement shall then be null and void *ab initio* and its terms shall not bind the Parties in any manner.

    (2)   Settlement Payment. In consideration for the Plaintiffs signing this Agreement and complying with all of the terms and conditions herein, the Defendants shall pay to the Plaintiffs and their attorneys, no later than thirty (30) days following Court approval of this Agreement and the dismissal of all claims asserted in the Action with prejudice, the gross sum of **One Hundred Twenty Thousand and 00/100 Dollars ($120,000.00)** (the "Settlement Amount"). The Settlement Amount shall be paid by in a single, lump sum payment, by either check or wire transfer, payable to "CSM Legal, P.C., As Attorneys for Plaintiffs," and shall be delivered to: CSM Legal, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165, Attn: Clela A. Errington, Esq. The Settlement Amount shall be allocated and divided between the Plaintiffs and the Plaintiffs' attorneys, CSM Legal, P.C., as follows:

  (a) $40,000.00 shall be allocated for CSM Legal, P.C.;

  (b) $40,000.00 shall be allocated for Sosa; and

  (c) $40,000.00 shall be allocated for Velez.

The Plaintiffs' attorneys, CSM Legal, P.C., shall be solely responsible for transmitting to Plaintiffs their respective allocated portions of the total Settlement Amount. The Defendants shall issue an IRS Form 1099 to CSM Legal, P.C. for the total Settlement Amount. As a necessary precondition to payment of the Settlement Amount, CSM Legal, P.C. must provide the Defendants with a properly completed, duly executed IRS Form W-9. The Plaintiffs expressly understand and agree that they shall be solely responsible for the payment of all federal, state and local taxes due on their respective allocated portions of the Settlement Amount. The Settlement Amount to be paid to the Plaintiffs and their attorneys pursuant to this Agreement is in complete settlement of all claims asserted by Plaintiffs in the Action, as well as any other claims of any kind that have been or could have been asserted by the Plaintiffs against the Releasees (as hereinafter defined) pursuant to the FLSA or the NYLL, whether for allegedly unpaid wages, alleged unlawful deductions, recovery of equipment costs, liquidated damages, statutory penalties, interest, attorney's fees, costs and disbursements.

(3)     <u>Breach; Notice of Default; Cure</u>.  If the Defendants breach this Agreement by failing to pay the Settlement Amount by the payment deadline set forth in Paragraph 2, above, counsel for the Plaintiffs must provide counsel for the Defendants with a written notice of such default, to be sent via email or facsimile transmission.  The Defendants shall then have ten (10) days from the date that such written default notice is provided in which to cure such default by making payment in full of the Settlement Amount.  If such ten-day cure period expires and the Defendants have still not cured such default by making payment in full of the Settlement Amount, then the Plaintiffs shall have the right to seek enforcement of this Agreement in any court of competent jurisdiction.  In the event that Plaintiffs are required to take steps to enforce this Agreement after expiration of the ten-day cure period, Plaintiffs shall be entitled to recover their costs, including reasonable attorney's fees, incurred in connection with any such enforcement action.

<u>Mutual General Release</u>:

(a) In consideration for the payment of the Settlement Amount, as well as for other good and valuable consideration, the Plaintiffs, on behalf of themselves and their dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, do hereby knowingly, voluntarily, unconditionally and irrevocably release and forever discharge Anthony Bentivegna, Louis Bentivegna, Bentis Fresh Bread Inc., Olde Bakery Shoppe, Inc., and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, members, administrators, representatives, attorneys, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"),  of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature from the beginning of the world to the date of this Agreement, including but not limited to those that were or could have been raised in this lawsuit.

(b) To the fullest extent permitted by law, the Plaintiffs promise not to sue or bring any charges, complaints or lawsuits related to the claims hereby released against the Releasees in the future, individually or as members of a collective or class action.  The Plaintiffs also specifically waive and release their rights to recover any money whatsoever from any of the Releasees in connection with any charge, claim or complaint filed against any of the Releasees by anyone with any government agency, to the fullest extent permitted by law.  This waiver, release and promise not to sue is binding on the Plaintiffs, their heirs, legal representatives and assigns.  In the event that either of the Plaintiffs violate this Agreement by bringing or maintaining any charges, claims or lawsuits against any of the Releasees contrary to this Paragraph, such Plaintiff(s) shall pay all costs and expenses of any of the

Releasees in defending against such charges, claims or actions, including reasonable attorneys' fees, should any of the Releasees prevail in their defense.

(c) This paragraph is not intended to bar any claims that, as a matter of applicable law, whether by statute or otherwise, may not be waived by private agreement, such as claims for workers' compensation benefits and/or unemployment insurance benefits. Nothing in this Agreement is intended to interfere with, prevent or prohibit Plaintiffs from filing a claim with a federal, state, or local government agency that is responsible for enforcing a law on behalf of the government, such as the Equal Employment Opportunity Commission ("EEOC"), Department of Labor ("DOL"), National Labor Relations Board ("NLRB") or Securities and Exchange Commission ("SEC"), or making other disclosures that are protected under the whistleblower provisions of any law. The Parties further agree that, to the maximum extent permitted by law, Plaintiffs are waiving their rights to receive any individual monetary relief from the Releasees resulting from any lawsuit, charge, complaint, or claim related to the claims released against the Releasees regardless of whether Plaintiffs or another party has filed them. In the event Plaintiffs are legally permitted to obtain a monetary relief, Defendants will be entitled to an offset for the payments made pursuant to this Agreement. Plaintiffs further agree that they will "opt out" of any class action and not "opt in" to any collective action in which Defendants or any of the Releasees are named as a defendant.

(d) Nothing in this Agreement should be read to deter or prevent Plaintiffs from cooperating with or providing information to any governmental agency during the course of its investigation or during litigation. Provided that if Plaintiffs are so required by law, Plaintiffs shall notify Defendants' counsel in writing of any such required disclosure not less than 10 days prior to the time set for disclosure, in order to allow Defendants sufficient time to move to quash if Defendants deem it warranted.

(e) Defendants hereby unconditionally and irrevocably releases, waives, discharges and gives up any and all claims that Defendants have or may have against each Plaintiff and their respective heirs, executors, administrators, agents, successors and assigns, and hereby release Plaintiffs from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature from the beginning of the world to the date of this Agreement.

(4) <u>Non-Assignment of Claims</u>. The Plaintiffs represent and warrant that they have not assigned or transferred, nor purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the claims released in this Agreement. The Plaintiffs shall defend, indemnify and hold the Releasees harmless against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorneys' fees and costs.

(5) <u>No Filed Claims</u>.  The Plaintiffs represent and warrant that, other than the Action, they have not filed any complaints or charges against any of the Releasees with any local, state or federal agency or court. Further, to the fullest extent permitted by law, the Plaintiffs shall not do so at any time hereafter for any claim released in this Agreement arising from actions or conduct which occurred prior to the date of Plaintiffs' execution of this Agreement.  The Parties further acknowledge and agree that this Agreement and the consideration exchanged in this Agreement are contingent upon this promise not to file any such claim, complaint or charge of any kind whatsoever.  In the event it is discovered that either of the Plaintiffs files or has filed any such claim(s), such Plaintiff(s) agree(s) to immediately take all reasonable and necessary measures to effect the prompt dismissal with prejudice of any such claim(s) and to pay the Releasees' reasonable attorney's fees and costs, if any, in connection with the defense and/or dismissal of any such claim(s).

(6) <u>Mutual Non-Disparagement</u>.  Subject to applicable law, each of the Parties covenants and agrees that neither (s)he or it or their respective agents, subsidiaries, affiliates, successors, assigns, officers, key employees or directors shall in any way publicly criticize, disparage, call into disrepute or otherwise defame or slander the other Party or such other Party's subsidiaries, affiliates, successors, assigns, officers (including any current officer of a Party or a Party's subsidiaries who no longer serves in such capacity following the execution of this Agreement), directors (including any current officer or director of a Party or a Party's subsidiaries who no longer serves in such capacity in connection with the execution of this Agreement), employees, shareholders, agents, attorneys or representatives, or any of their businesses, products or services, in any manner that would reasonably be expected to damage the business or reputation of such other Party, their businesses, products or services or their subsidiaries, affiliates, successors, assigns, officers (or former officers), directors (or former directors), employees, shareholders, agents, attorneys or representatives.  This Non-Disparagement Clause shall include a carve out for truthful statements about any of the Parties' experiences in litigating the case.

(7) <u>Each Party To Bear Its Own Attorneys' Fees.</u>  The Parties shall each bear their own attorney's fees, costs, and expenses, except as expressly provided herein.

(8) <u>Tax Liability and Indemnity</u>. The Plaintiffs understand that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Releasees or withheld by any of the Releasees on account of or from the Settlement Amount.  The Plaintiffs acknowledge that the Releasees do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiffs further acknowledge that they have not relied upon any advice or representation by the Defendants, the Releasees, or their counsel as to the necessity for withholding from or the taxability of such amounts. The Plaintiffs shall be solely responsible for any and all taxes which may be due as a result of Plaintiffs' receipt of all of the money paid to Plaintiffs by the Defendants pursuant to this Agreement.  The Plaintiffs further agree to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees, or by any of the Plaintiffs, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiffs pursuant to this Agreement, and the Plaintiffs agree to fully indemnify and hold the Releasees harmless against any such liability.  If the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiffs' attorneys with a copy of such notice, within a reasonable period, so that the Plaintiffs may address any requests made by such taxing authority.  The Plaintiffs understand that, in the event that any of the Releasees are required to enforce the terms of this indemnification and hold harmless

provision, the Plaintiffs shall reimburse such Releasees for their reasonable attorneys' fees and costs associated with such enforcement.

(9) <u>No Admission of Liability</u>.  The Releasees do not admit to any liability or wrongdoing whatsoever on their part or by any individuals acting under their supervision or on their behalf. Neither this Agreement nor the payment or acceptance of the Settlement Amount shall be construed, described or characterized by any of the Parties hereto or by any of their agents or representatives as an admission by any of the Releasees or by any individuals acting under the Releasees' supervision or on the Releasees' behalf of any liability or wrongdoing or violation of any law, rule, regulation, public policy or contractual provision.

(10) <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(11) <u>Entire Agreement</u>.  This Agreement, when signed by the Parties, shall constitute the entire understanding and agreement between the Parties with respect to the settlement of the Plaintiffs' claims asserted against the Defendants, and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

(12) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(13) <u>No Other Assurances</u>. The Plaintiffs acknowledge that, in deciding to execute this Agreement, they have not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made by anyone, except for those expressly stated in this Agreement.

(14) <u>Governing Law</u>.   This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(15) <u>Joint Preparation</u>.  The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendants shall be deemed the drafters, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendants.

(16) <u>Severability</u>.  If any provision, term or clause of this Agreement, or any part thereof, is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency, authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, such provision, term or clause, or part thereof, shall be deemed severable, such that all other provisions, terms and clauses, or parts thereof, of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon the Parties.

(17)  <u>Captions</u>.   Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(18)  <u>Capability to Release Claims</u>.  The Plaintiffs represent that they are competent to enter into a knowing and voluntary release of claims as set forth herein.  The Plaintiffs further represent that they are not affected or impaired by illness, use of alcohol, drugs or other substances, and are not otherwise impaired.  The Plaintiffs also represent that they are not parties to any bankruptcy, lien, or creditor-debtor proceeding which would impair their right to settle and release their legal claims herein.

(19)  <u>Counterparts; Execution</u>.  This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.  This Agreement may be executed and delivered with original signatures or by facsimile transmission or PDF-scanned signatures, any of which shall be deemed legally binding as fully as an original signature.

(20)  <u>No Waiver.</u>   Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**IN WITNESS WHEREOF**, the Parties hereto have knowingly and voluntarily executed this Agreement as of the dates set forth beneath their respective signatures below:

**PLAINTIFFS:**

_____
NELSON SOSA

Dated: _____06/05/22_____, 2022

_____
RUBEN VELEZ

Dated: _____, 2022

**DEFENDANTS:**

BENTIS FRESH BREAD INC.

By: _____

Dated: __6-17-2022__, 2022

OLDE BAKERY SHOPPE, INC.

By: _____

Dated: __6/17/2022__, 2022

_____
ANTHONY BENTIVEGNA,
Individually

Dated: __6-17-2022__, 2022

_____
LOUIS BENTIVEGNA,
Individually

Dated: __6/17/2022__, 2022

**IN WITNESS WHEREOF**, the Parties hereto have knowingly and voluntarily executed this Agreement as of the dates set forth beneath their respective signatures below:

**PLAINTIFFS:**

| | *Ruben Velez* |
|---|---|
| NELSON SOSA | RUBEN VELEZ |

Dated: _____, 2022     Dated: ____06/06/22_____, 2022

**DEFENDANTS:**

BENTIS FRESH BREAD INC.              OLDE BAKERY SHOPPE, INC.

By:_____          By:_____

Dated: _____, 2022     Dated: _____, 2022

ANTHONY BENTIVEGNA,                  LOUIS BENTIVEGNA,
Individually                         Individually

Dated: _____, 2022     Dated: _____, 2022

8

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NELSON SOSA and RUBEN VELEZ,

                        Plaintiffs,

-against-

BENTIS FRESH BREAD INC. (d/b/a BENTIS FRESH BREAD INC.), OLDE BAKERY SHOPPE INC. (d/b/a OLDE BAKERY SHOPPE), ANTHONY BENTIVEGNA, and LOUIS BENTIVEGNA,

                        Defendants.
------------------------------------------------------------------X

Case No.: 20-CV-4705 (MKV)

**STIPULATION OF VOLUNTARY DISMISSAL WITH PREJUDICE**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties through their respective counsel that the above-captioned action, and all claims asserted therein, is hereby voluntarily dismissed in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

For the Defendants:

By: _____
    Stephen D. Hans
    Stephen D. Hans & Associates, P.C.
    30-30 Northern Boulevard, Suite 401
    Long Island City, NY 11101
    Telephone: (718) 275-6700

    Dated: _____, 2022

By: _____
    Colin Mulholland, Esq.
    30-97 Steinway St., 301-A
    Astoria, NY 11103
    Tel: (347) 687-2019

    Dated: _____, 2022

For the Plaintiffs:

By: _____
    Clela A. Errington
    CSM Legal, P.C.
    60 East 42nd Street, Suite 4510
    New York, NY 10165
    Telephone: (212) 317-1200

    Dated: ____June 8_____, 2022

SO ORDERED

_____
United States Magistrate Judge